ISAAC SEWELL, plaintiff in error, *vs.* EDMUND W. HOLLAND, defendant in error.

The first grant of a new trial on the ground that the evidence is deficient will not be reversed by the supreme court unless the evidence is so conclusive that an abuse of discretion is plainly apparent.

New trial. Before Judge HOPKINS. Fulton Superior Court. April Term, 1875.

This case is sufficiently reported in the opinion.

D. F. & W. R. HAMMOND; PEEPLES & HOWELL, for plaintiff in error.

COLLIER & COLLIER, for defendant.

BLECKLEY, Judge.

This contest is between two claimants of the same undivided half of a tract of land. They both claim under the same vendor. One of them has a deed, and the other has none. The one without deed says that his was the elder purchase; that he paid the purchase price, in full, for the whole tract, and went into possession, and was in possession when his adversary bought and took a deed. The other replies that the first sale was not by the owner of the half now in dispute, but by the owner of the other half, who had no authority to sell, except as to his own half; and, on the point of possession, he urges that the possession was not adverse, because it was that of a purchaser, (from a tenant in common,) who knew when he purchased, that the title to the whole tract was not in his vendor, but that his vendor owned only an undivided half. He contends, therefore, that the case is still that of a tenancy in common, and a proper case for partition. The verdict was in favor of the party who holds no deed; and the court granted a new trial, on the ground that there was not sufficient evidence to uphold the verdict. The evidence in the record does not make so strong a case in favor of the verdict as to constrain this court to interfere with the discretion of the presiding judge. The general scheme of the law is to have the sale of land manifested by writing, duly signed. When such a writing is absent, the evidence, to divest title, should be thoroughly convincing. It ought to be very nearly, if not quite, conclusive. At the present day,

when the ability to write is so common, there is but little excuse for trading in land without verifying the transaction by the appropriate written evidence.    It is better for the public that a careless purchaser should be held to strict proof, than that the general method of conveying land ordained by the law should be constantly frustrated.    Surely, there has been time enough, since the statute of frauds, for all of us to learn that the way to convey land is by writing.    Whoever depends upon anything else acts at his peril.    Courts will, however, give effect to other methods when the evidence rises to the high standard which the subject matter demands.    In the present instance, there was no abuse of discretion on the part of the presiding judge; more especially as it was the first new trial granted in the case.    There is nothing unreasonable in yielding to the grant of a new trial, when the judge's discretion is exercised for the first time, even if, on a nice scrutiny of the evidence, a reviewing court should deem the verdict justified.    If the evidence be, in truth, as strong as it is claimed to be, it may well be trusted to win a second verdict.    Let it be subjected to that test, and if it succeed we shall better understand its power, and know better how to prize it at its true worth.

Judgment affirmed.